```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| In Re:<br>LESLIE PAUL HOWARTH cases | :C.A. No. 05-21J, -38J, -69J,<br>: -70J, -71J, -72J, -75J, -76J,<br>: -77J, -78J, -79J, -80J, -81J,<br>: -82J, -83J, -86J, -87J, -88J,<br>: -89J, -90J, -91J, -92J, -93J,<br>: -94J, -95J, -96J, -97J, -98J,<br>: -99J, -100J, -101J, -102J,<br>: -103J, -104J, -105J, -106J,<br>: -107J, -108J, -109J, -110J,<br>: -111J, -112J, -113J, -114J,<br>: -115J, -116J, -117J, -118J,<br>: -119J, -120J, -121J, -122J,<br>: -123J, -124J, -125J, -126J,<br>: -127J, -128J, -129J, -130J,<br>: -131J, -132J, -133J, -134J,<br>: -135J, -136J, -137J, -138J,<br>: -139J, -140J, -141J, -141J,<br>: -148J, -149J, -150J, -151J,<br>: -152J, -153J, -154J, -155J,<br>: -156J, -157J, -158J, -159J,<br>: -160J, -161J, -162J, -168J,<br>: -169J, -180J, -197J, -198J,<br>: -199J, -200J |
|---|---|

<u>Report and Recommendation</u>

<u>Recommendation</u>

Plaintiff filed complaints at the above numbers alleging that the defendants violated the Americans with Disabilities Act. I recommend that the complaints be dismissed for failure to prosecute.

<u>Report</u>

Plaintiff filed approximately 140 Title III ADA complaints against places of public accommodation in and around Johnstown, Pennsylvania. After examining the first several complaints, it became obvious that the threshold issue in each case was the question of standing, that is whether plaintiff had alleged "a real and immediate threat that a particular (illegal) barrier will cause future harm," <u>Disabled Americans For Equal Access, Inc. v. Ferries</u>

Del Caribe, Inc., 405 F.3d 60, 64 (1st Cir.2005)(citation omitted.) Plaintiff has maintained in status conferences held in some of the other cases in which he has filed a complaint that he believes he is injured and has standing to bring a claim so long as there is an allegation that a defendant is in violation of the ADA. I have previously set forth my view of the standing issue, that position has been adopted by the court, and plaintiff has not appealed from the holding that he must allege a real threat of future harm. Nor, in any of the pending cases, has plaintiff even alleged that he was deterred by any alleged past violation from using any public accommodation.

While principles of collateral estoppel do not, strictly speaking, apply to bar plaintiff's complaints, plaintiff ought to show why the complaints in the cases listed above do not present more of the same. I therefore ordered plaintiff and the defendants who had been served or who had waived service to file motions for summary judgment on or before September 30, 2005, on the point whether plaintiff had standing. Plaintiff has not complied, nor has he sought additional time to file his motions.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir.1984), the Third Circuit set forth six factors to be weighed in considering whether dismissal of a case as a sanction for failure to prosecute was proper: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party

2

or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Weighing the <u>Poulis</u> factors to the extent appropriate, I conclude that dismissal of the complaint without prejudice is an appropriate sanction. Although not all the factors relevant to the <u>Poulis</u> balancing test weigh in favor of dismissal, that is not necessary. <u>Hicks v. Feeney</u>, 850 F.2d 152 (3d Cir.1988).

1) In these cases, the plaintiff is proceeding <u>pro se</u> and is therefore solely responsible for any action or inaction.

2) Little additional prejudice results to defendants as a result of plaintiff's inaction. The mere existence of a legal claim against one and being subject to the continued expense of retaining counsel (something an unincorporated individual plaintiff does not face) can nevertheless be considered a burden on the defendants.

3-4) It is unlikely that plaintiff is deliberately causing delay; it is more likely that he believes, based on past rulings, the standing issue would be resolved against him and he does not want to waste time in what he may view as a lost cause. While the psychology that may underlie plaintiff's inaction is understandable, it is not a legally proper reason for not filing required papers. The burden of producing evidence or filing a brief arguing in favor of a finding of standing is relatively minimal, however, and because the issues in each case are practically

3

identical, even the cumulative burden (which is due to plaintiff's choice to file many complaints) that plaintiff faced in complying with my scheduling order was minor.

      5) Alternative sanctions such as monetary penalties are inappropriate with indigent plaintiffs.

      6) At this point the merits of the complaints, that is, whether defendants are not in compliance with the ADA, are impossible to determine.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 5 October 2005

Keith A. Pesto,
United States Magistrate Judge

cc:
Leslie Paul Howarth, Ph.D.
211 Bentwood Avenue
Johnstown, PA 15904-1333

counsel of record

4